**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE A STAR GROUP, INC., | : Civil Action No. 12-8198 (PAC) |
| | : |
| Plaintiff, | : |
| | : Hon. Paul A. Crotty |
| -against- | : |
| | : |
| MANITOBA HYDRO, PUBLIC UTILITIES | : |
| BOARD, MANITOBA, KPMG LLP (CANADA), | : |
| and KPMG LLP (US), | : |
| | : |
| Defendants. | : |
| | : |

---

### PLAINTIFF'S MEMORANDUM OF LAW SUPPORT OF ITS MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE RESCONSIDERATION, OF THE COURT'S MARCH 1, 2013 ORDER

---

STONE & MAGNANINI LLP
150 John F. Kennedy Parkway,
4th Floor
Short Hills, New Jersey 07078
(973) 218-1111

*Attorneys for Plaintiff The AStar Group, Inc.*

Dated:  March 15, 2013

## TABLE OF CONTENTS

INTRODUCTION.................................................................................................................1

PROCEDURAL HISTORY..................................................................................................2

STANDARD OF LAW .........................................................................................................2

ARGUMENT..........................................................................................................................3

I.   AStar Respectfully Requests that the Court Clarify its Order to Provide that AStar Has
120 Days to Re-File its  Complaint in Compliance with The Federal Rules ...........................3


II.  In the Alternative, AStar Respectfully Requests that the Court Reconsider its Dismissal
and Permit AStar to Amend the Complaint...........................................................................4


CONCLUSION .....................................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

### <u>Federal Cases</u>

*A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*,
 126 F. Supp. 2d 328, 334-335 (S.D.N.Y. 2001) ...................................................................... 2-3

*Brennan v. Kurlick*,
 407 F.3d 603 (3d Cir. 2005)…………………………………………………………………..3

*Hayden v. Cnty of Nassau*,
 180 F.3d 42, 53 (2d Cir. 1999).......................................................................................... 4

*Henderson v. Metro. Bank & Trust Co.*,
 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007) ...............................................................................1

*In re Direxion Shares ETF Trust*,
 No. 09-cv-8011, 2012 U.S. Dist. LEXIS 29709 at *19-20 (S.D.N.Y. March 6, 2012) ..….…….2

*Naiman v. New York Univ. Hosps. Ctr.*,
 2005 U.S. Dist. LEXIS 6817 (S.D.N.Y. Apr. 21, 2005)...........................................................1

*Ross v. AH. Robins Co., Inc.*,
 607 F.2d 545, 547 (2d Cir. 1979)...................................................................................... 4-5

*Small v. City of New York*,
 304 F. Supp. 2d 401, 403 (E.D.N.Y. 2004)……………………………...……………………..3

*Williams v. Citigroup Inc.*,
 659 F.3d 208, 213 (2d Cir. 2011) .....................................................................................2

### <u>Federal Rules</u>

Fed. R. Civ. P. 59................................................................................................... *passim*

Fed. R. Civ. P. 60................................................................................................... *passim*

Fed. R. Civ. P. 15.......................................................................................................4

**INTRODUCTION**

This brief is respectfully submitted on behalf of Plaintiff The A Star Group, Inc. ("AStar") in support of its motion for clarification or reconsideration, pursuant to Local Rule 6.3.[1]  Heeding the Court's advice, AStar diligently sought and obtained the undersigned, experienced litigation counsel to represent its interests in this case.  Consistent with the Court's March 1, 2013 Order (the "March 1 Order"), AStar is preparing to re-file a concisely-pled complaint in compliance with the Federal Rules of Civil Procedure.  However, the Court's oral decision on February 28, 2013, which provided AStar with 120 days to re-file a complaint, is materially different than the March 1 Order, which provides no express deadline for re-filing a complaint.  This raises an ambiguity about AStar's timing for re-filing and the re-filed complaint's relation back to the original filing.  Therefore, AStar respectfully requests that the Court clarify this ambiguity, or reconsider its March 1 Order and allow AStar to file an amended complaint.

---

[1] AStar brings this motion pursuant to Local Rule 6.3 and, in the alternative, under Federal Rules 60(a) and 59(e).  Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  AStar also seeks relief, in the alternative, under Fed. R. Civ. P. 59(e), for reconsideration of the Court's *sua sponte* dismissal of the complaint because, "[a]s a procedural matter, a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (internal citations omitted).  For all of these procedural alternatives, the standard is the same.  *See Naiman v. New York Univ. Hosps. Ctr.*, No. 95 CIV 6469,  2005 U.S. Dist. LEXIS 6817, (S.D.N.Y. Apr. 21, 2005) ("[m]otions for reconsideration pursuant to Rule 59(e) . . . are governed by the same standards as those governing motions under [Local] Rule 6.3."); *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007) ("The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument under Local Rule 6.3 are identical.").

1

## PROCEDURAL HISTORY

Through prior counsel, Saltzman Law Offices ("SLO"), AStar filed a complaint against Defendants Manitoba Hydro, Public Utilities Board Manitoba, and KPMG LLP ("Defendants") on November 9, 2012.  The Court held a pre-motion conference on February 28, 2013, and the Court granted SLO's request to withdraw. After SLO's withdrawal, the Court identified issues about the length of AStar's complaint and dismissed it without prejudice for failing to comply with Federal Rule of Civil Procedure 8.  (DKT Nos. 10 (Ex. A).)  The Court provided AStar "120 days . . . to get another lawyer . . . to refile this complaint, but right now 12-CV-8198 is dismissed without prejudice to its renewal." (*Id.* at 4:17-19.)

On March 1, 2013, the Court issued an Order, which the Clerk's Office transcribed on the case's docket. (DKT No. 9 (Ex. B).)  The Order differs materially from the Court's oral ruling on February 28.  In particular, the Order does not provide AStar with 120 days to re-file a complaint. This a material difference in numerous respects.  Undoubtedly, by its oral decision, the Court had provided AStar with 120 days to re-file both to give defendants guidance as to when to expect a reinstated complaint and to avoid undue prejudice to AStar by ensuring that, if AStar complied with the Court's order, its claims would relate back to the original filing.  In contrast, the Court's March 1 Order may be construed as providing AStar with limitless time to re-file, while also potentially causing prejudice to AStar's claims by casting doubt on whether they relate back to the original filed complaint. AStar files this motion in order to avoid potential unfairness to both parties by removing this ambiguity.

## STANDARD OF LAW

Motions for clarification and reconsideration are governed by Local Rule 6.3, and such motions are committed to the sound discretion of the Court. *A.V. by Versace, Inc. v. Gianni*

*Versace, S.p.A.*, 126 F. Supp. 2d 328, 334-335 (S.D.N.Y. 2001); *Small v. City of New York*, 304 F. Supp. 2d 401, 403 (E.D.N.Y. 2004).

## **ARGUMENT**

I.   AStar Respectfully Requests that the Court Clarify its Order to Provide that AStar Has 120 Days to Re-File its Complaint in Compliance with The Federal Rules

AStar respectfully requests that the Court clarify its March 1st Order to reflect that AStar has 120 days to re-file its complaint. This clarification is appropriate and in the interests of all of the parties because it would provide the parties with certainty as to the timing for AStar to file a reinstated complaint. By making it clear that AStar is required to file a new complaint no later than 120 days from the Court's Order, Defendants would have notice of when to expect a reinstated complaint.

Further, by orally ruling that AStar had a fixed time to re-file a complaint, the Court preserved AStar's rights by ensuring, consistent with Second Circuit law, that the reinstated complaint would relate back to the original filing, 12-CV-8198, for all purposes, including the applicable statute of limitations period. *See Brennan v. Kurlick*, 407 F.3d 603 (3d Cir. 2005) (holding that "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions"). In contrast, due to the ambiguity in the timing for re-filing a complaint under the March 1 Order, neither AStar nor its new counsel will be able to make informed decisions regarding the status of AStar's claims. By correcting this ambiguity, the Court will avoid unnecessary motion practice with respect to the tolling of AStar's claims. *See In re Direxion Shares ETF Trust*, No. 09-cv-8011, 2012 U.S. Dist. LEXIS 29709 at *19-20 (S.D.N.Y. March 6,

2012) (citing *Brennan* in holding that claims contained in plaintiffs' amended complaint were not time barred because the statute of limitations is tolled when a complaint filed within the statute of limitations is dismissed subject to its being re-filed pursuant to certain conditions within a specified period).

Accordingly, AStar respectfully requests clarification of the Court's March 1st Order to provide that AStar has 120 days to re-file its complaint consistent with the Federal Rules, and, if it complies with the Court's instructions, that AStar's claims will be preserved.

II.    IN THE ALTERNATIVE, ASTAR RESPECTFULLY REQUESTS THAT THE COURT RECONSIDER ITS DISMISSAL AND PERMIT ASTAR TO AMEND THE COMPLAINT

In the alternative, AStar requests that the Court reconsider its Order and allow AStar to amend the complaint to satisfy the issues identified by the Court. If the Court does not clarify the Order, then denying AStar the opportunity to amend would result in a manifest injustice because AStar and its successor counsel have no way to evaluate the risk of the statute of limitations running on certain of its claims.

AStar's basis for seeking leave to amend is particularly strong because (1) it would be AStar's first amended complaint; (2) AStar was not afforded an opportunity to be heard or respond to opposing counsel, (3) the Court permitted AStar's counsel – who filed the original complaint -- to withdraw without providing AStar with an opportunity to find successor counsel, and (4) Rule 15 generally allows a party to amend "once as a matter of course." *See* Fed. R. Civ. P. 15(a)(1)(B); *see also Hayden v. Cnty of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."). Indeed, the Second Circuit recognizes that the Federal Rules strongly favor resolving cases on their merits. *See Ross v. AH. Robins Co., Inc.*, 607 F.2d 545, 547 (2d Cir. 1979) (courts should

not "preclude the prosecution of a possibly meritorious claim because of defects in the pleadings").

Further, defendants would not be prejudiced by allowing AStar to amend. Defendants did not file any responsive pleadings or otherwise move for relief. Thus, they will not be burdened with any additional costs of filing amended answers or motions. Rather, Defendants would benefit from knowing the timing for AStar to file an Amended Complaint.

Therefore, if the Court does not clarify its Order as requested above, the interests of justice weigh heavily in favor of the Court reconsidering the March 1st Order and allowing AStar to file an amended complaint.

**CONCLUSION**

For the foregoing reasons, AStar respectfully requests that the Court clarify its Order to provide AStar with 120 days for re-filing, and that any re-filed complaint filed within the time provided by the Court will be deemed to relate back to the original filing date of civil action number 12-CV-8198. In the alternative, AStar respectfully requests that the Court reconsider its March 1 Order and allow AStar to file an amended complaint.


Respectfully submitted,

Dated: March 15, 2013

/s/ David S. Stone
David S. Stone
Jason C. Spiro
STONE & MAGNANINI LLP
150 JFK Parkway, 4th Floor
Short Hills, NJ  07078
(973) 218-1111

*Attorneys for Plaintiff The AStar Group, Inc.*

5
