UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
THE A STAR GROUP INC.                      :

       Plaintiff,                         :

  -against-                                :   12 CV 8198 (PAC)

1. MANITOBA HYDRO                          :
2. PUBLIC UTILITIES BOARD, MANITOBA
3. KPMG LLP (CANADA)                       :
4. KPMG LLP (US)
                                           :
       Defendants.
                                           :
------------------------------------------ X

### DEFENDANT MANITOBA HYDRO'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR RECONSIDERATION FILED BY PLAINTIFF THE A STAR GROUP INC.

 

**DLA PIPER LLP (US)**
Robert J. Alessi
Michael R. Hepworth
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4500 (Tel)
(212) 335-4501 (Fax)

Date: March 28, 2012

Pursuant to Local Civil Rule 6.3 of this Court governing motions for reconsideration, defendant Manitoba Hydro respectfully submits this memorandum of law in opposition to the "Motion for Clarification, or in the Alternative Reconsideration, of the Court's March 1, 2013 Order" which dismissed without prejudice the complaint ("Complaint") filed by plaintiff The A Star Group Inc. ("AStar").

Defendant Manitoba Hydro opposes the motion made by AStar because there is no need to clarify or reconsider the Court's order signed March 1, 2013.  The Court did not overlook any matter that could change the result. *See generally, Shrader CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995) (discussing strict standard for reconsideration); *In re Barclays Bank PLC Sec. Litig.*, 09 Civ. 1989 (PAC), 2011 U.S. Dist. LEXIS 58131, *4-5 (S.D.N.Y. May 31, 2011) (same).

The Order dismissed AStar's 318-page Complaint without prejudice because it was "the polar opposite" of what is required by the Federal Rules of Civil Procedure:

> The Complaint was dismissed sua sponte for failure to comply with Rule 8. At more than 300 pages with 1400 paragraphs it is the polar opposite of the "short and plain statement of the claim" called for by the Rule. The dismissal is without prejudice to filing an appropriate complaint. Plaintiff is a corporation and must appear by counsel. So Ordered. (Signed by Judge Paul A. Crotty on 3/1/2013) (mro) (Entered: 03/04/2013)

(Order, Docket number 14.)  There is no reason to modify the Order:

*First*, AStar purports to seek guidance "ensuring" that a new complaint will relate back to the filing of the original defective Complaint for statute of limitations purposes (AStar Mem. 2), but the Court did not overlook this issue and never purported to rule on it.  It is premature.  When statute of limitations issues were raised at the conference on February 28, 2013, the Court explained "We'll take up the issue of whether or not the statute of limitations has been tolled when we get to the new complaint." (Conference Tr. at 5:3-4 (Ex. A, Declaration of Michael R. Hepworth ("Hepworth Decl.").)  Therefore there is no need to clarify or reconsider the Order.

- 2 -

*Second*, AStar's original Complaint was defective not just because it was 318 pages long. As pointed out in the submissions to the Court prior to the conference, the Complaint was also filled with irrelevant detail and frivolous, gratuitous, and inflammatory rhetoric without supporting facts, including, for example, allegations that defendants — in a conspiracy that AStar claims includes the Premier of Manitoba and other ministers of the Manitoba Government (¶¶ 708-709, 1243) — engaged in "extortion", "corruption", "blackmail" (*e.g.*, ¶¶ 818, 820-823, 825, 851, 1011, 1368), and "extortion of slave labor" (¶ 832). The Complaint — which has all the hallmarks of a *pro se* submission written by AStar's principal that was never properly edited or reviewed by counsel — should never have been filed by AStar and its counsel. (*See* Letter to the Court from counsel for Manitoba Hydro dated February 14, 2013 (Hepworth Decl. Ex. B), at pp. 2-3 discussing the Complaint and case law; and *see also, e.g.*, Glasheen v. City of Albany, No. 98-cv-1503LEK/DRH, 1999 WL 1249409 (Dec. 16, 1999) (dismissing complaint pursuant to Rule 8 where complaint included irrelevant factual detail and "scathing, irrelevant *ad hominem* attacks" on city government officials accusing them of being on the "dark side").

*Third*, the letter submissions to the Court also pointed out that AStar had refused to agree to file an amended complaint, leading defendants to seek a conference with the Court and causing an inefficient use of everyone's resources. (Letter (Hepworth Decl. Ex. B) at p. 1.)

Therefore AStar's motion should be denied.

Date: March 28, 2013

*Michael Hepworth*
Robert J. Alessi
Michael R. Hepworth
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500, Fax: (212) 335-4501
*Attorneys for Manitoba Hydro*

55388005